IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

———————————————

JEANETTE ENRICHI-ROPPE,
*Petitioner*,

*v.*

DOMITILA V. SANCHEZ, AN INDIVIDUAL; MICHELLE RENA SZURA AND
ANDREW KELLY SZURA, HUSBAND AND WIFE; AND PHILIPPE MARQUET,
*Respondents.*

No. 2 CA-SA 2026-0048
Filed July 30, 2026

———————————————

Special Action Proceeding
Cochise County Cause No. S0200CV202600232
The Honorable David Thorn, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

———————————————

COUNSEL

Jeanette Enrichi-Roppe, Anthem
*In Propria Persona*

Burch & Cracchiolo P.A., Phoenix
By Andrew Abraham and Jackson Hendrix
*Counsel for Respondent Domitila V. Sanchez*

Ahwatukee Legal Office P.C., Phoenix
By David L. Abney
*Counsel for Respondents Michelle Rena Szura and Andrew Kelly Szura*

Gordon Rees Scully Mansukhani LLP, Phoenix
By Jill J. Ormond and Andrea Miska
*Counsel for Respondent Philippe Marquet*

---

## OPINION

Judge Sklar authored the opinion of the Court, in which Presiding Judge Kelly and Judge Brearcliffe concurred.

---

S K L A R, Judge:

¶1        This special action requires us to address a party's right to a peremptory change of judge in vexatious-litigant proceedings.   The presiding judge of the superior court in Cochise County had previously designated Jeanette Enrichi-Roppe as a vexatious litigant as to a particular case.  When she filed a similar case, the presiding judge reassigned the case to himself.  This prompted Enrichi-Roppe to file a notice of a peremptory change of judge under Rule 42.1 of the Arizona Rules of Civil Procedure. The court denied the notice, designated Enrichi-Roppe a vexatious litigant in the new case, and dismissed the case with prejudice.

¶2        We conclude that Enrichi-Roppe's notice was proper.  The superior court was required to honor it.  We also reject the respondents' argument that Rule 42.1's procedures do not apply to vexatious-litigant proceedings where the noticed judge is also the county's presiding judge. We therefore accept jurisdiction and grant relief.  We vacate the new vexatious-litigant determination and the dismissal of the quiet-title action.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3        In January 2026, Cochise County Presiding Judge David Thorn designated Enrichi-Roppe a vexatious litigant in a probate matter that he had decided against her.  In April 2026, Enrichi-Roppe filed the underlying action for quiet title, in which she challenged the right of defendant Domitila Sanchez to take title of a real property at issue in the earlier probate proceeding.

¶4        On April 20, Judge Thorn issued an order to show cause, noting that he had designated Enrichi-Roppe as a vexatious litigant in the earlier probate matter and directing her to explain why the complaint was not an effort to relitigate that dispute.  The order reassigned the quiet-title complaint to the probate division, where Judge Thorn was still assigned as judge.

**¶5**         On April 28, Enrichi-Roppe filed a notice under Rule 42.1 in that action for a peremptory change of judge.  At the outset of the show-cause hearing in late May, over Enrichi-Roppe's renewed Rule 42.1 notice, Judge Thorn denied a change of judge.  He reasoned that such a change would "further delay[] the case" and was "just another example of . . . continuing to litigate the same matter over and over again and the refusal to take no for an answer."  He noted that he was "not going to just send this to a different judge, and we're just going to play this . . . out again."  He did not address whether Enrichi-Roppe's notice had complied with the timeliness and waiver requirements of Rule 42.1(c) and (d).

**¶6**         At the conclusion of the hearing, Judge Thorn determined that the quiet title action was "a mirror of" the 2022 probate proceeding, deemed Enrichi-Roppe a vexatious litigant as to this matter, and dismissed the action with prejudice.  This petition for special-action review followed.

## JURISDICTION

**¶7**         Special-action review "may be accepted only if the remedy by appeal is not equally plain, speedy, and adequate."  Ariz. R. P. Spec. Act. 2(b)(2).  However, special-action review is the only appropriate vehicle for relief from an allegedly improper denial of a notice of change of judge. *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223-24 (1996); *see also Coffee v. Ryan-Touhill*, 247 Ariz. 68, ¶ 13 (App. 2019) ("[D]enial of a peremptory request for a change of judge is properly reviewed only by special action." (quoting *Smith v. Mitchell*, 214 Ariz. 78, ¶ 2 (App. 2006))).  Thus, we accept special-action jurisdiction over this matter.

## VEXATIOUS-LITIGANT DESIGNATION

**¶8**         Enrichi-Roppe argues that the superior court erred by failing to grant her notice of change of judge as a matter of right.  Respondents—Domitila Sanchez, Michelle Szura, Andrew Szura, and Philippe Marquet—contend that because Judge Thorn was acting in his capacity as presiding judge for the purpose of determining whether Enrichi-Roppe was a vexatious litigant, she had no right under Rule 42.1 to a change of judge. "We review the denial of a peremptory change of judge for an abuse of discretion, but review de novo the respondent judge's interpretation and application of the law." *Ross v. Pratte*, 254 Ariz. 91, ¶ 4 (App. 2022).

## I.      Enrichi-Roppe's notice of change of judge was proper

**¶9**          Rule 42.1 provides that "each side is entitled as a matter of right to a change of one judge," so long as certain requirements are met. Specifically, a party seeking to assert the right must file a timely notice, serve the notice on the proper parties, and not have waived the right before filing the notice. Ariz. R. Civ. P. 42.1(b)-(d). Following a Rule 42.1 notice, the noticed judge "decides the timeliness and waiver of the notice under Rule 42." *Taliaferro*, 186 Ariz. at 223. If a litigant files a timely notice and has not waived the right to a peremptory change of judge, "the judge named in the notice should proceed no further in the action except to make such temporary orders as are absolutely necessary to prevent immediate and irreparable injury, loss, or damage from occurring before the action can be transferred to another judge." Ariz. R. Civ. P. 42.1(f)(1).

**¶10**          Here, the superior court erred by denying Enrichi-Roppe's Rule 42.1 notice. Instead of considering the rule's timeliness and waiver requirements, the court denied the motion on the grounds of judicial efficiency and its knowledge of Enrichi-Roppe's prior conduct in the earlier probate matter. Neither is proper. *See* Ariz. R. Civ. P. 42(f)(1); *Lewis v. Kelliher*, 171 Ariz. 228, 229 (App. 1992) (analyzing Rule 42.1 requirements in juvenile matter and concluding judicial economy is not ground for "denying an otherwise properly filed notice"). The court's second ground for denying the motion is particularly problematic considering that one purpose of Rule 42.1 is to avoid the possibility or concern of judicial bias. *See Anderson v. Contes*, 212 Ariz. 122, n.4 (App. 2006).

**¶11**          Our review of the record indicates that Enrichi-Roppe's notice was effective and should have been honored by the superior court. *See* Ariz. R. Civ. P. 42.1(f). As described above, the notice was timely under all of the applicable limits set forth in Rule 42.1(c). Enrichi-Roppe also had not waived her right to a change of judge by any of the conduct described in Rule 42.1(d). Rather, she renewed her notice at the outset of the show-cause hearing, and the court denied it before proceeding to the merits.

II.    **Allowing a party to notice a presiding judge in vexatiousness proceedings does not undermine the presiding judge's statutory role**

**¶12**            Without addressing the effectiveness of Enrichi-Roppe's notice, the respondents generally argue, as a matter of first impression, that Rule 42.1 does not provide a right to peremptory change of judge when the challenged judge acts in the capacity as presiding judge to make a determination of vexatiousness.  We disagree.

**¶13**            Section 12-3201 provides that in non-criminal cases, "the presiding judge of the superior court or a judge designated by the presiding judge of the superior court may designate a pro se litigant a vexatious litigant."  § 12-3201(A).  Contrary to the respondents' argument that this statute vests in a presiding judge "unique and exclusive statutory authority" to make a vexatiousness designation, the plain text of this language allows a presiding judge to confer that authority upon another superior-court judge.

**¶14**            Allowing a litigant to exercise the change-of-judge right in a vexatiousness proceeding also gives effect to Rule 42.1's purpose of ensuring that a litigant receives impartial treatment at all stages of the judicial process.  This is especially true where, as here, the presiding judge and the judge assigned to consider the action on the merits are the same person.  *Cf. Contreras v. Bourke*, 260 Ariz. 319, ¶¶ 1-2, 18 (2025) (presiding judge who had previously recused from matter could not re-enter to rule on vexatiousness without explanation why recusal no longer warranted).

**¶15**            We are similarly unpersuaded by Respondent Sanchez's argument that a conflict exists between Section 12-3201 and Rule 42.1, such that Rule 42.1 must give way under separation-of-powers principles.  *See Seisinger v. Siebel*, 220 Ariz. 85, ¶ 26 (2009).  We generally attempt to harmonize statutes and rules.  *Bobrow v. Herrod*, 239 Ariz. 180, ¶ 7 (App. 2016).  Here, the vexatious-litigant statute and Rule 42.1 may be harmonized by reading Rule 42.1(f) as directing a presiding judge, upon receiving a notice of change of judge, to take no further action beyond designating a new judge to consider the issue of vexatiousness.  *See* Ariz. R. Civ. P. 42.1(f)(1) (allowing noticed judge to make "temporary orders as are absolutely necessary to prevent immediate and irreparable injury, loss, or damage from occurring before the action can be transferred to another judge"); *see also Dunn v. Superior Court*, 160 Ariz. 311, 314-15 (App. 1989) (reassignment to new judge following notice is administrative).

¶16      Respondents Marquet and the Szuras further argue that because Section 12-3201 does not on its face limit a vexatiousness determination to a particular case, the superior court's order designating Enrichi-Roppe vexatious only as to the probate matter should be interpreted as a general designation prohibiting her from filing anything—including in the underlying civil case—in superior court in Cochise County. But the cases respondents cite are factually distinguishable because in both, the litigants had been declared generally vexatious and had been specifically ordered not to file new lawsuits in their respective jurisdictions. *See In re Fillbach*, 223 F.3d 1089, 1090-91 (9th Cir. 2000); *Madison v. Groseth*, 230 Ariz. 8, ¶ 16 (App. 2012).  By contrast, the administrative order finding Enrichi-Roppe vexatious is specifically limited to the closed probate case.

¶17      In sum, the superior court erred when it denied Enrichi-Roppe's effective notice of change of judge.  We vacate all orders it entered after its improper denial of the Rule 42.1 motion as void.  *See Contreras*, 260 Ariz. 319, ¶ 32.  This includes the court's designation of Enrichi-Roppe as a vexatious litigant in the quiet-title action and its dismissal of the action.

¶18      On remand, Judge Thorn's only power is to designate a different judge to determine the vexatious-litigant issue, should a party or assigned judge make an appropriate request or order for such a finding under Section 12-3201(A).  *See Dunn*, 160 Ariz. at 314-15.  We make no comment on the merits of the underlying quiet-title action.

## ATTORNEY FEES AND COSTS

¶19      The Szuras and Marquet request their attorney fees and costs. Because they are not the prevailing parties, we deny these requests.  *See Doneson v. Farmers Ins. Exch.*, 245 Ariz. 484, ¶ 12 (App. 2018).  As the prevailing party, Enrichi-Roppe is entitled to her costs, upon her compliance with Rule 17(c) of the Arizona Rules of Procedure for Special Actions.  *See Residential Util. Consumer Off. v. Ariz. Corp. Comm'n*, 261 Ariz. 237, ¶ 36 (App. 2025) (awarding costs to successful party in special action).

## DISPOSITION

¶20      For the foregoing reasons, we accept jurisdiction and grant relief.  We vacate the superior court's designation of Enrichi-Roppe as a vexatious litigant in the underlying matter, as well as its dismissal of the action.  We remand for further proceedings consistent with this opinion.